UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE H. CAMPBELL, | No. C 06-5544 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| K. MENDOZA-POWERS, warden, | |
| Respondent. | |

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that is very confusing but appears to allege that the California state courts wrongly decided his habeas petitions in which he challenged the decision of the Bureau of Prison Terms ("BPT") that found him unsuitable for parole and/or failed to set a term for him. Petitioner is incarcerated at Avenal State Prison in Fresno County and was convicted in Los Angeles County Superior Court.

Errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998). Such errors do not generally represent an attack on the prisoner's detention and therefore are not proper grounds for habeas relief. See Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir.). They instead generally pertain to the review process itself and not to the constitutionality of a state conviction or execution of the sentence. See, e.g., id. (delay in state habeas proceeding not addressable in federal habeas); Hopkinson v. Shillinger, 866 F.2d 1185, 1218-20 (10th Cir. 1989) (state court's summary denial of petition for post-conviction relief is procedural deficiency in review process that does no violence to federal constitutional rights); Millard v. Lynaugh, 810 F.2d 1403, 1410 (5th Cir. 1987) (denial of hearing on state collateral proceedings not addressable in federal habeas), cert. denied, 484 U.S. 838 (1987); see also Application of Gordon, 157 F.2d 659, 660

1  (9th Cir. 1946) (allegation that state court decided appeal improperly not enough to state claim
2  in federal habeas). Petitioner's claims that the state courts erred in deciding his state habeas
3  petitions must be dismissed.

4  Even though it cannot consider a claim that the state court wrongly decided a habeas
5  petition, a federal court could consider the underlying claim if a federal constitutional violation
6  was alleged. Here, a federal court could entertain a habeas claim that the BPT violated
7  petitioner's federal constitutional rights when it denied parole. The petition does not allege such
8  a claim, however. That is, petitioner does not allege that the BPT or CDCR erred in executing
9  his sentence by denying parole or failing to set a parole date. Leave to amend will not be granted
10 because, even if petitioner alleged a claim a federal court could entertain, his petition would be
11 in the wrong venue. Venue is proper in a habeas action in either the district of confinement or
12 the district of conviction, 28 U.S.C. § 2241(d); however, a petition challenging the execution of
13 a sentence is preferably heard in the district of confinement. See Habeas L.R. 2254-3(a); Dunne
14 v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). A challenge to the execution of petitioner's
15 sentence (such as a challenge to a denial of parole or a failure to set a parole date) belongs in the
16 district of confinement. Petitioner is confined in Fresno County, so any petition challenging the
17 execution of his sentence should be filed in the U.S. District Court for the Eastern District of
18 California, i.e., in Sacramento.

19 For the foregoing reasons, the petition is DISMISSED. The dismissal is without
20 prejudice to petitioner filing a challenge to the execution of his sentence in the district in which
21 he is confined. The motion for judicial notice is DENIED as moot. (Docket # 2.) The clerk
22 shall close the file.

23 IT IS SO ORDERED.
24 DATED: October 20, 2006

SUSAN ILLSTON
United States District Judge

2